IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PLUMBERS & STEAMFITTERS LOCAL UNION 565
and PLUMBERS & STEAMFITTERS LOCAL 565 PENSION FUND

   Plaintiffs,

v.            Civil Action No. 2:23-cv-214

JBUS PIPE PLUMBING HEATING AND AIR LLC

and

JEROMY BUSKIRK, individually and as the
Agent and Manager of JBus Pipe Plumbing Heating and Air LLC,

   Defendants.

## COMPLAINT FOR MONIES DUE

1. This is an action brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; and §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1132 and 1145.  Jurisdiction and venue are conferred on this Court by 29 U.S.C. §§ 185(a), 1132(a), (e)-(f); and 28 U.S.C. § 1331.

2. Plumbers & Steamfitters Local Union 565 (Local 565) is a labor organization under 29 U.S.C. § 152(5), and represents employees who are an industry "affecting commerce."  See 29 U.S.C. § 152(7).

3. Local 565's principal place of business is located at 593 Cedar Grove Road, Parkersburg, West Virginia 26104.

4. The Plumbers & Steamfitters Local 565 Pension Fund (565 Pension Fund) is an employee pension benefit plan as defined in 29 U.S.C. § 1002(2).  The 565 Pension Fund is authorized to sue in its own name and under 29 U.S.C. § 1132(d)(1).

5. The 565 Pension Fund is administered in Parkersburg, West Virginia by its Plan

Trustees.

6. Defendant, JBus Pipe Plumbing Heating and Air LLC, (hereinafter referred to as JBus), is an employer under 29 U.S.C. § 152(2) and under 29 U.S.C. § 1002(5). JBus is a party to a collective bargaining agreement with Local 565. JBus' principal place of business at all times material hereto was 1801 Old Saint Mary's Pike, Parkersburg, West Virginia 26104.

7. Defendant, Jeromy Buskirk, is the Agent and Manager of JBus. Defendant, Jeromy Buskirk, is an employer under 29 U.S.C. § 1002(5), 29 U.S.C. § 152 (2), a fiduciary under ERISA, and is jointly and severally liable for the obligations of Matheny and Sons under 29 U.S.C. § 1145 and under the collective bargaining agreement between the parties.

8. On or about September 18, 2014, Mr. Buskirk signed the Collective Bargaining Agreement between Local 565 and the Plumbing and Piping Contractors of the Parkersburg Area Plumbing, Heating & Mechanical Contractors Association (Association).

9. The Collective Bargaining Agreement obligated and continues to obligate the Association and all other employers signing on to the Agreement to contribute monthly to Plaintiffs and pay all other fringe benefits on behalf of all employees in the bargaining unit covered by the Agreement.

10. The Collective Bargaining Agreement requires that employers make monthly payments and file monthly Remittance Reports for fringe benefits on or before the fifteenth (15th) day of each month. The monthly Remittance Reports are utilized by the employers to calculate the payments they owe to Plaintiffs.

11. Defendants made late contributions and failed to make contributions to Plaintiffs for various months during the time period of February 2015 through May 2017. The amount of fringe benefit contributions owed is unknown because JBus has failed to comply with multiple requests for

an audit. The amount of liquidated damages and interest owed will be calculated and supplemented at a later date after JBus is audited.

12. Defendants' refusal to remit payment to Plaintiffs and submit to an audit violates the Collective Bargaining Agreement, the provisions of the Local 565 Pension Fund, Jeromy Buskirk's fiduciary duty owed to Plaintiffs, and the requirements of ERISA.

WHEREFORE, Plaintiffs ask that this Court grant Plaintiffs the following relief against Defendants jointly and severally:

1. An Order requiring Defendants to immediately submit to, and fully comply with, a payroll audit of their books and records for January 2015 through December 2017;

2. Judgment on behalf of Plaintiffs and against Defendants for all unpaid fringe benefit contributions, as set forth above and as further determined by a payroll audit;

3. Judgment on behalf of Plaintiffs and against Defendants for interest on the unpaid contributions;

4. Judgment on behalf of Plaintiffs and against Defendants for an amount equal to the greater of:

    (a) The interest on the unpaid contributions,

    or,

    (b) Liquidated damages provided for under the plans in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State Law);

5. Judgment on behalf of Plaintiffs and against Defendants for audit costs and expenses;

6. Judgment on behalf of Plaintiffs and against Defendants for reasonable attorney fees and costs incurred prior to filing and during the litigation of this action; and

7. Such other legal or equitable relief which the Court deems appropriate.

                **PLUMBERS & STEAMFITTERS LOCAL UNION 565 and PLUMBERS & STEAMFITTERS LOCAL 565 PENSION FUND**
By Counsel,

s/ John F. Dascoli, I.D. #6303
**JOHN F. DASCOLI, PLLC**
2442 Kanawha Boulevard, East
Charleston, West Virginia 25311
(304) 720-8684 Phone
(304) 342-3651 Fax
johnfdascoli@hotmail.com

**4**